1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   THERESA HANNA,                              CASE NO. C13-177-MJP

11                   Plaintiff,                  ORDER GRANTING MOTION TO
                                                 DISMISS
12         v.

13   SANOFI-AVENTIS US LLC,

14                   Defendant.

15

16         This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 14),

17   which argues Plaintiff's claims are barred by a class action settlement in <u>Bellifemine et al. v.</u>

18   <u>sanofi-aventis U.S. LLC</u>, 07 CV 2207 (S.D.N.Y., 2007).  Having reviewed the motion, Plaintiff's

19   response (Dkt. No. 16), Defendant's reply (Dkt. No. 17), and all related papers, the Court

20   GRANTS the motion.

21                                    **Background**

22         Plaintiff worked at sanofi-aventis as a pharmaceutical sales representative from June 7,

23   2004 until January 6, 2010.  (Dkt. No. 1.)  Plaintiff alleges she was injured in an automobile

24   accident in August 2009 and had to take a medical leave of absence.  (<u>Id.</u>)  Plaintiff claims

1  sanofi-aventis discriminated against her while she was on medical leave by pressuring her to

2  return to work early, by failing to accommodate her disability, and by terminating her

3  employment.  (Id.)  She also alleges to have been discriminated against because of her gender.

4  (Id.)

5         Moving for dismissal under Rule 12(b)(6), Defendant argues the case cannot proceed

6  because a prior class action settlement released all of Plaintiff's claims.  (Dkt. No. 14.)

7                                          **Analysis**

8     A.  Standard of Review

9         Fed.R.Civ.P. 12(b) motions to dismiss may be based on either the lack of a cognizable

10  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri

11  v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

12  as admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d

13  1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

14  not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

15  entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

16  elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127

17  S.Ct. 1955, 1964–65 (2007) ( internal citations omitted ).

18     B.  Plaintiff's Declaration

19         As a preliminary matter, Defendant argues Plaintiff's submission of a declaration, rather

20  than a brief, constitutes an admission under the Local Civil Rules of the motion's merit.  (Dkt.

21  No. 17 at 5-6.)  Local Rules W.D. Wash. CR ("LCR") 7(b)(2) provides:

22         Each party opposing the motion shall, within the time prescribed in LCR 7(d), file
            with the clerk, and serve on each party that has appeared in the action, a brief in
23         opposition to the motion, together with any supporting material of the type
            described in subsection (1). If a party fails to file papers in opposition to a motion,

24

ORDER GRANTING MOTION TO DISMISS- 2

1    <u>such failure may be considered by the court as an admission that the motion has</u>

2    <u>merit</u>.

3    LCR 7.2(b)(2) (emphasis added).

4        Here, Plaintiff filed a declaration entitled "Declaration of Theresa Hanna in

5    response to Defendant Sanofi Aventis [sic] U.S. LLC's Motion  to Dismiss Pursuant to

6    12(B)(6)." (Dkt. No. 16.)   In the declaration, Hanna references parts of Defendant's

7    moving papers, including the declaration of Edward J. Sincavage.  (<u>Id.</u> at 2.)  Further,

8    Hanna's declaration addresses the substance of the motion including whether she

9    received notice of the class action settlement and other correspondence from the claims

10   administrator.  (<u>Id.</u> at 5.)  Although Plaintiff does not specifically challenge all grounds

11   presented in the motion, it cannot be construed as an admission.  Moreover, contrary to

12   Defendant's argument, the LRC only require a party to file "papers in opposition,"  rather

13   than a brief.

14       Next, Defendant attacks the declaration as unsigned because Plaintiff signed it

15   with the electronic signature of "/s/."  (Dkt. No. 17.)   Defendant claims electronic

16   signatures are limited by Civil Rule 11 to use by attorneys.  (<u>Id.</u>)  The Court agrees.  LCR

17   11 provides:

18       A document signed electronically (by either a digital signature or by using the "s/
         Name" convention) has the same force and effect as if the person had affixed a
19       signature to a paper copy of the document. Electronic signatures must be in
         conformance with this district's Electronic Filing Procedures for Civil and
20       Criminal Cases.

21   LRC 11.  Turning to this Court's Electronic Filing Procedures for Civil and Criminal

22   Cases, electronic signatures are limited to attorneys, pro se litigants, judicial officers, and

23   deputy clerks.  Moreover:

24

ORDER GRANTING MOTION TO DISMISS- 3

If the original document requires the signature of a non-attorney, the filing party may scan the entire document, including the signature page, or attach the scanned signature page to an electronic version of the filing.

The filing party is responsible for maintaining the paper document with original signatures for the duration of the case, including any period of appeal. On request, the e-filer must provide the paper document with the original signatures to the Court, or make it available to a party who reasonably challenges its authenticity.

None of this Court's rules permit a party represented by counsel to attach an electronic signature to their declaration in lieu of an original signature.  Rather, Plaintiff was required to personally, not electronically, sign her declaration.  Although the Hanna declaration is unauthenticated, the Court does not construe it as an admission and instead reaches the merits of Plaintiff's motion.

C.  Class Action Settlement Bars Plaintiff's Claims

Defendant's motion argues Plaintiff's claims are barred by the prior class action settlement in Bellifemine and dismissal is therefore is warranted under Rule 12(b)(6).  The Court agrees and finds Plaintiff has failed to state a claim.

An evaluation of Defendant's motion first  requires a discussion of the Bellifemine class action settlement.   In 2007, several former and then current former pharmaceutical sales representatives sued sanofi-aventis in a putative class action lawsuit alleging claims of employment discrimination.   (Dkt. No. 14-1.)   These claims were "across the board" discrimination claims, which addressed nearly every aspect of their employment relationship, including compensation, selection, promotion, advancement, training, discipline, and terms and conditions of employment.   (Id.) The class was defined as:

All female sales force employees employed by sanofi-aventis in the United States for at least one day between May 12, 2005 to March 23, 2010, excluding individuals who held management level positions higher than district sales manager, excluding individuals who previously entered into individual releases as

1  part of individual agreements with sanofi-aventis up to August 3, 2010, and
2  excluding individuals who opt out of the settlement on a timely basis.

3  Bellifemine v. sanofi-aventis U.S. LLC, 2010 WL 3119374 (S.D.N.Y.,2010).

4      In 2009, the Bellifemine parties settled on a class-wide basis.  (Dkt. No. 14-3.)

5  The settlement provided both monetary and injunctive relief.  (Id.)  The settlement

6  agreement contained a broad release of all claims.  (Id. at ¶11.)  The settlement agreement

7  was approved by the United States District Court for the Southern District of New York.

8  (Dkt. No 14-4, Bellifemine, 2010 WL 3119374 at *7-8.)   In both the preliminary and

9  final settlement, the Court approved the substance, form, and manner of the notice to

10  class members.  (Id.)  In the final settlement the Court found:

11      The Notice and measures taken by the Claims Administrator in mailing the
        Notices were adequate to inform the members of the Class of the proposed
12      settlement and such actions provided sufficient notice to satisfy the requirements
        of due process.
13
    Bellifemine, 2010 WL 3119374 at *2.
14
15      The only question before this Court is whether the Bellifemine settlement agreement bars

16  Plaintiff's claims.   In general, a judgment in a class suit, including a judgment based on

17  settlement of a class claim, binds members of the class.  Matsushita Elec. Indus. Co. v. Epstein,

18  516 U.S. 367, 373–74 (1996).  Indeed, the "central purpose of each of the various forms of class

19  action is to establish a judgment that will bind not only the representative parties but also all

20  nonparticipating members of the class certified by the court." 18A Wright et al., Federal Practice

21  and Procedure: Jurisdiction § 4455, at 448 (2d ed.2002).

22      However, for a class judgment to bind an absent class member, due process requires that

23  the absent class members receive adequate notice.  Richards v. Jefferson County, Ala., 517 U.S.

24  793, 799–802 (1996). The court approving a class settlement determines in the first instance

1    whether due process has been satisfied. See Fed.R.Civ.P. 23.  Due process does not require that a

2    class member actually receive notice, so long as the notice afforded was "the best notice

3    practicable under the circumstances."  Peters v. Nat'l R.R. Passenger Corp., 966 F.2d 1483, 1486

4    (D.C.Cir.1992).

5          Here, the Court finds the Bellifemine settlement bars Plaintiff's claims.  First, there is no

6    dispute Plaintiff is a member of the Bellifemine class.  She worked for Defendant, sanofi-aventis,

7    during the period covered by the litigation.  Second, her claims are identical to those asserted in

8    the Bellifemine litigation and related to the terms and conditions of her employment with

9    Defendant.  To the extent she also raises Washington-state claims, these too are barred because

10   they arise for the same events, transactions, and operative facts covered by the Bellifemine

11   settlement.  (Dkt. Nos. 1, 14-2.) (Released claims include all those "arising out of the same

12   transactions, series of conducted transactions, occurrences or nucleus of operative facts.")

13   Therefore, Plaintiff's claims are barred by the settlement agreement.

14         Plaintiff, however, argues she did not receive notice of the class action settlement and

15   cannot be bound by its terms.  (Dkt. No. 16)  Plaintiff's contention is contrary to well-established

16   civil rules and case law, which only require class action notice meet due process standards.

17   Fed. R. Civ. P. R. 23(c)(2)(B); Silber v. Mabon, 18 F.3d 1449 (9th Cir. 1994).  Further, Plaintiff

18   does not identify any shortcomings in the Bellifemine class notice or suggest the notice did not

19   comply with due process.  Because the Bellifemine court found the notice compliant with due

20   process and this Court has no disagreement with that assessment, Plaintiff's lack of actual notice

21   does not defeat the preclusive effect of the class action settlement.   The Court GRANTS

22   Defendant's motion because the Bellifemine settlement released all claims arising from and

23   relating her allegations of employment discrimination.

24

ORDER GRANTING MOTION TO DISMISS- 6

1

**Conclusion**

2         The Bellifemine litigation released and settled Plaintiff's claims relating to her

3   employment with Defendant and allegations of discrimination.   The Court DISMISSES her

4   claims with prejudice in accordance with Rule 12(b)(6).   The clerk is ordered to provide copies

5   of this order to all counsel.

6         Dated this 29th day of April, 2013.

7

8

9                                         _____

10                                        Marsha J. Pechman
                                          Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO DISMISS- 7